UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO FIGUEROA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-339 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE

In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff Orlando Figueroa claims that his constitutional rights were violated when he was arrested without probable cause on December 15, 2014 by Corpus Christi police officer Samantha Dee Baldwin.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations

must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against Officer Baldwin in her individual capacity are retained, and service shall be ordered on this Defendant. Plaintiff's claims for monetary damages against Officer Baldwin in her official capacity, Plaintiff's allegations against the City of Corpus Christi and/or the Corpus Christi Police Department are dismissed upon Plaintiff's own motion and for failure to state a cognizable § 1983 claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

I. **JURISDICTION.**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 7), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 10). *See* 28 U.S.C. § 636(c).

II. **PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.**

Plaintiff is currently confined at the Nueces County Jail serving a six-month sentence for evading arrest.

On August 10, 2015, Plaintiff filed his original complaint alleging that on December 15, 2014, his due process rights were violated when Officer Baldwin "racially profiled" him for being Hispanic, and then arrested him without probable cause while he was sitting in the front yard of his girlfriend's house. (D.E. 1). He named as Defendants the City of Corpus Christi and Officer Samantha Dee Baldwin. (D.E. 1, p. 3).

A *Spears*[1] hearing was held on September 4, 2015. The following allegations were made in Plaintiff's original complaint (D.E. 1) or at the hearing:

On December 15, 2014, Plaintiff was on parole and was living in Corpus Christi. At approximately 3:15 a.m., Plaintiff arrived at his girlfriend's house. He exited his vehicle, went inside the house briefly, and then returned outside to smoke a cigarette. Plaintiff then observed Officer Baldwin's patrol car. Officer Baldwin began to approach Plaintiff and told him to come to her. As Plaintiff approached Officer Baldwin, she told him that she had run Plaintiff's license plate and that it did not "match" with the residence. According to Plaintiff, Officer Baldwin then grabbed Plaintiff, twisted his arm, and placed him in the back of her patrol car. Officer Baldwin told Plaintiff that she had observed him speeding on Staples Street and that she was going to arrest him for driving while intoxicated (DWI). Plaintiff protested and said he had done nothing wrong.

Plaintiff was charged with Felony DWI in Cause no. 14-004454-E in the 148th Judicial District Court of Nueces County, Texas, as well as with Evading Arrest in Cause no. 15-000495-E. He was appointed counsel and his attorney filed a motion to suppress the breathalyzer results. The state judge granted the motion to suppress finding there was no probable cause to support Officer Baldwin's stop and search of Plaintiff, and on July 21, 2015, Plaintiff was acquitted of the DWI charge. In Cause no. 15-00495, Plaintiff

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

pled guilty to evading arrest and on August 27, 2015, he was sentenced to six months in state jail.

Plaintiff is suing Officer Baldwin for damages for the allegedly unlawful arrest. He also named the City of Corpus Christi as a Defendant because it employs Officer Baldwin. However, once it was explained to Plaintiff that § 1983 does provide for supervisor or *respondeat superior* liability, Plaintiff moved to voluntarily dismiss his claims against the City. It was also explained to Plaintiff that the Corpus Christi Police Department, as a division of the City, was not a proper defendant. *See Darby v. Pasadena Police Depart.*939 F.2d 311, 313 (5th Cir. 1991) (under Texas law, a department or subdivision of a city does not enjoy a separate legal existence and can therefore not be sued).

### III.  LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can

be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. City of Corpus Christi.

Initially Plaintiff named the City of Corpus Christi as a defendant because it employs Officer Baldwin. However, as discussed at the *Spears* hearing, there is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a municipal employer to be liable under § 1983, the plaintiff must show that the deprivation of a federally protected constitutional right was caused by an action or actions taken pursuant to an official municipal policy. *Monnell v. Depart. of Social Servs.,* 436 U.S. 658, 692-93 (1978); *Valle v. City of Houston,* 613 F.3d 536, 541-42 (5th Cir. 2010). Plaintiff admitted at the hearing that he had no evidence to suggest that Officer Baldwin's conduct on December 15, 2014 was attributable to any official custom or policy of the City of Corpus Christi, and he orally moved to dismiss the City as a defendant. Plaintiff's oral motion to dismiss the City is granted, and the City of Corpus Christi is dismissed from this lawsuit.

Plaintiff has sued Officer Baldwin in her official capacity and her individual capacity. Plaintiff's claims against Officer Baldwin in her official capacity are effectively claims against the City of Corpus Christi. Because there is no supervisor liability, nor does Plaintiff allege an unconstitutional policy, he fails to state cognizable claims against the City. Thus, to the extent Plaintiff has sued Officer Baldwin in her official capacity, those claims are dismissed with prejudice for failure to state a claim and upon Plaintiff's oral motion to dismiss the City.

### B.  Illegal arrest.

Plaintiff has sued Officer Baldwin for damages for violation of his due process rights. He claims that he was subjected to an illegal stop and search, and he points out that he was acquitted of the DWI charges based on the trial court's determination that Officer Baldwin's stop and search was in violation of his Fourth Amendment rights.

In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the challenged arrest, conviction or sentence has been reversed, set aside or vacated. In this case, the state trial judge found that the initial search and seizure of Plaintiff was illegal, and the charges against him were dismissed. Accordingly, there is no bar to Plaintiff bringing the instant action against Officer Baldwin.

## V.  CONCLUSION.

For the reasons stated herein, Plaintiff's claims against the City of Corpus Christi and against Officer Baldwin in her official capacity are dismissed upon Plaintiff's own motion with prejudice for failure to state a claim and/or as frivolous pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff's § 1983 claims against Officer Baldwin in her individual capacity are retained, and service shall be ordered on this Defendant by separate order.

ORDERED this 16th day of September, 2015.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge