Case 2:15-cv-00339 Document 26 Filed in TXSD on 06/20/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO FIGUEROA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-339 |
| | § | |
| SAMANTHA DEE BALDWIN | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING CASE WITH PREJUDICE

Plaintiff Orlando Figueroa, appearing *pro se*, filed this civil rights action on August 10, 2015. The case has been re-assigned to the undersigned magistrate judge on the consent of the parties pursuant to 28 U.S.C. § 636. (D.E. 7, 10, 18). The undersigned entered orders dismissing certain claims, retaining the case and ordering service on Defendant Samantha Dee Baldwin. (D.E. 11, 12). Defendant Baldwin filed an Answer on November 3, 2015. (D.E. 15). An initial pretrial and scheduling conference was held on November 12, 2015. Plaintiff and counsel for defendant appeared at the scheduling conference. The undersigned entered a scheduling order on November 12, 2015. (D.E. 17). Plaintiff filed a notice of change of address on January 19, 2016.

Pursuant to the scheduling order, Defendant timely filed a motion for summary judgment on April 1, 2016. (D.E. 21). Plaintiff's response to Defendant's motion for summary judgment was due on April 22, 2016. Plaintiff has not filed a response. Further,

Defendant's motion for summary judgment indicates Plaintiff has not responded to Defendant's written discovery.

A status conference was held on June 6, 2016 at 2:00 p.m.  Plaintiff failed to appear for the status conference and he did not contact the Court or otherwise request a continuance.  Plaintiff was aware of the date and time of the status conference as they were included in the Court's Scheduling Order and were discussed at the initial pretrial and scheduling conference.  Counsel for Defendant appeared at the status conference and confirmed that Plaintiff has not responded to Defendant's discovery requests.

On June 6, 2016, the undersigned entered an order requiring Plaintiff to show cause in a written response on or before June 15, 2016, why his case should not be dismissed for want of prosecution and further to show cause why Defendant's motion for summary judgment should not be granted and why he has failed to answer Defendant's written discovery.  (D.E. 23).   The show cause order was sent to Plaintiff by certified mail and was signed for as received on June 7, 2016.  (D.E. 25).  Plaintiff has not filed a response.

Plaintiff has failed to prosecute this case.  He failed to appear at the status conference on June 6, 2016.  He has failed to respond to Defendant's written discovery.  Further, Plaintiff has not responded to Defendant's motion for summary judgment.  Finally, Plaintiff has failed to comply with this Court's show cause order where the Plaintiff was given an opportunity to explain the circumstances of his neglect of this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or

any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.,* 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay and the imposition of lesser sanctions would be futile. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). The undersigned finds Plaintiff has abandoned his case and lessor sanctions would be futile. A dismissal without prejudice would be inappropriate at this stage of the proceedings, based on this record, where Defendant has participated in discovery and has prepared and filed a dispositive motion.

Therefore, it is ORDERED that Plaintiff's case is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiff's failure to prosecute, Plaintiff's failure to comply with court orders, Plaintiff's failure to participate in discovery and Plaintiff's failure to attend court settings.

ORDERED this 20th day of June, 2016.

Jason B. Libby
United States Magistrate Judge