United States District Court
Southern District of Texas
**ENTERED**
December 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO FIGUEROA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-339 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER DENYING MOTION FOR RELIEF
### FROM FINAL JUDGMENT

On August 10, 2015, Plaintiff filed this lawsuit against the City of Corpus Christi and Officer Samantha Dee Baldwin alleging his constitutional rights were violated when he was arrested without probable cause on December 15, 2014. (D.E. 1). At the time the lawsuit was filed, Plaintiff was in custody at the Nueces County Jail. (D.E. 1, Page 3). Plaintiff's application to proceed *in forma pauperis* was granted on August 11, 2015, and on August 17, 2015, Plaintiff consented to proceed before the undersigned. (D.E. 5 and D.E. 7).

A *Spears*[1] hearing was held on September 4, 2015 where Plaintiff voluntarily dismissed his claim against the City of Corpus Christi. (D.E. 11). On September 8, 2015, this case was reassigned to the undersigned for all further proceedings. (D.E. 10). Plaintiff's claim against Officer Baldwin in her official capacity was later dismissed on September 16, 2015, leaving only the claim against Officer Baldwin in her individual

---
[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

capacity.  (D.E. 11).  An order for service of process was entered the same day and on November 3, 2015, an Answer was filed.  (D.E. 12 and D.E. 15).

A telephonic status conference was held on November 12, 2015, where Plaintiff and counsel for Defendant appeared.  Plaintiff stated he was to be released from custody within fourteen (14) days.  The undersigned advised Plaintiff he was required to participate in discovery.  Deadlines were discussed and were then set on the record and a written scheduling order was entered later the same day.  (D.E. 17).  At the hearing, Plaintiff was also advised as to what dispositive motions were and that his response to any dispositive motion would be due no later than May 31, 2016.  Further, the parties were advised that a status conference was set for June 6, 2015 at 2:00 p.m. and they may either appear by telephone or in person.  Plaintiff was further advised he must comply with all of the deadlines set.

On December 4, 2015, Defendant Baldwin filed a notice of consent to proceed before the undersigned.  (D.E. 18).  On January 19, 2016, Plaintiff filed a Notice of Change of Address requesting that "any and all documentation concerning" his case be sent to the address listed.  (D.E. 19).  On April 1, 2016, Defendant Baldwin filed a Motion for Summary Judgment.  (D.E. 21).  In addition to seeking summary dismissal of this action on the merits, Defendant Baldwin advised that Plaintiff had not responded to her discovery requests.  (D.E. 21, Pages 5-6).  A copy of the Motion for Summary Judgment was sent to Plaintiff at the updated address he provided, however, Plaintiff failed to file a response.  (D.E. 21, Page 10).  On June 6, 2015, a status conference was held at which counsel for Defendant appeared.  Plaintiff failed to appear.

After Plaintiff failed to appear at the June 6, 2015 hearing, an Order to Show Cause was entered the same day ordering Plaintiff to file a written response on or before June 15, 2016 as to why his case should not be dismissed for want of prosecution, why Defendant's Motion for Summary Judgment should not be granted, and why he failed to answer Defendant's written discovery requests. (D.E. 23). The Order to Show Cause was sent by the Court to the address provided by Plaintiff via certified mail with return receipt, which was later returned indicating it was received and signed for by "Amando Figueroa" on June 7, 2016. (D.E. 25). Plaintiff failed to respond to the show cause order. Therefore, on June 20, 2016, this case was dismissed with prejudice because of Plaintiff's failure to prosecute, to comply with Court orders, to participate in discovery and to attend court settings and a final judgment was entered. (D.E. 26 and D.E. 27).

On December 12, 2016, Plaintiff, now in custody, filed the pending Motion for Relief from Final Judgment. (D.E. 28).

## Applicable Law

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Petitioner did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) authorizes the Court to give relief from judgment in a number of situations including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)-(6). In

addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)(citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*. Final judgments should not be lightly disturbed. *In re Martinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). "Even *pro se* litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010)(citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)("The burden of establishing excusable neglect is upon [the movant], even one proceeding *pro se*…[and] [t]he party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable.")(citation omitted)).

## Discussion

Plaintiff has failed to cite any sufficient authority for reinstating his complaint and has also not shown that his failure to prosecute his claim was caused by extraordinary circumstances. Plaintiff argues his failure to prosecute this action should be considered excusable neglect pursuant to Rule 60(b)(1). (D.E. 28). As previously stated, Plaintiff, even proceeding *pro se*, bears the burden of establishing excusable neglect. Being homeless and a *pro se* litigant alone is not authority to reinstate the complaint.[2] Neither

---

[2] Plaintiff was previously advised of this in Case No. 2:16-cv-18, *Figueroa v. Kaelin*, D.E. 14 (S.D. Tex. Oct. 28, 2016)(Order denying Motion for Relief From Judgment). That action was

reason explains Plaintiff's long delay in prosecuting this action.[3] Plaintiff could have contacted the Court for the status of his complaint, he could have requested extensions of time, he could have advised the Court where he could have received mail and he could have appeared at the June 6, 2015 status conference. He did none of those things. Plaintiff was aware of his responsibility to participate in discovery, the deadlines in this matter and the June 6, 2015 status conference as they were included in the Court's Scheduling Order, which he received while in custody, and were discussed in detail at November 12, 2015 hearing, at which Plaintiff was an active participant. Further, Plaintiff was clearly aware of his responsibility to keep the Court apprised of how to contact him as he filed a notice of change of address shortly after being released from custody.

Therefore, Plaintiff's Motion for Relief from Judgment is **DENIED**. (D.E. 28).

ORDERED this 14th day of December, 2016.

_____
Jason B. Libby
United States Magistrate Judge

---

filed on January 14, 2016, after Plaintiff had been released from custody, and was dismissed without prejudice on August 26, 2016 because Plaintiff failed to complete service and to respond to the Court's Order to Show Cause. (D.E. 1, D.E. 10 and D.E. 11).

[3]Plaintiff has been filing motions in his other action before this Court since October 11, 2016. Case No. 2:16-cv-18, *Figueroa v. Kaelin*, D.E. 12, D.E. 13, and D.E. 16. At that time, Plaintiff indicated he was in custody. Plaintiff did not file the pending motion until December 12, 2016, over two months later, and offers no explanation for why he further delayed prosecuting this case.